**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALLAN B. COHEN and
ROCHELLE COHEN,
                        Plaintiffs,


        v.


PRUDENTIAL INS. CO.,
ELECTRONIC DATA SYSTEMS CORP.,
MERITOR PENSION PLAN, and
EDS RETIREMENT PLAN,
                        Defendants.

Civil Action No. 08-5319

**OPINION**

August 12, 2009                                                        Pollak, J.

        Plaintiffs Allan and Rochelle Cohen have brought suit, pursuant to the  Employee

Retirement and Income Security Act (ERISA), against defendants Prudential Insurance

Co. (Prudential), Electronic Data Systems, Inc. (EDS), and two retirement plans – the

Meritor Pension Plan and the EDS Retirement Plan – challenging certain alterations to

Allen Cohen's retirement benefits.  Prudential has filed a motion to dismiss (docket no. 7)

Count II of the plaintiffs' complaint.  Plaintiffs have responded (docket no. 9), and

Prudential has filed a reply (docket no. 22) with leave from the court.  Defendants EDS

and EDS Retirement Plan have filed a motion to dismiss (docket no. 14) the entire

1.

complaint as to them.  Plaintiffs have responded (docket no. 16), and EDS and EDS Retirement Plan have filed a reply (docket no. 17) without leave.  The two motions to dismiss are ripe for disposition.

## I.  Background

The following factual recital derives from the complaint.  As the court is reviewing defendants' motions to dismiss, I assume the truth of plaintiffs' factual allegations and draw all reasonable factual inferences in plaintiffs' favor.  *DiGiacomo v. Teamsters Union Trust Fund of Phila.*, 420 F.3d 220, 222 n. 4 (3d Cir. 2004).

Plaintiff Allen Cohen worked for the Philadelphia Savings Fund Society, later renamed Meritor Bank, from 1961 through 1989.  Compl. ¶¶ 9-13.  In the spring of 1989, Cohen became an employee of defendant EDS, when that company bought the Meritor division for which Cohen worked.  *Id*. at 13.

While with Meritor, Cohen became a participant in two group annuity plans, GA-5521 and GA-6335, naming his wife, plaintiff Rochelle Cohen, as beneficiary.  *Id*. at 11.  Prudential was the plan administrator for the two group annuity plans.  *Id*. at 12.  When Cohen became an EDS employee, he became a participant in the EDS Retirement Plan, which was administered by EDS itself.  *Id*. at 14-15.

In an August 11, 1999 letter, EDS offered Cohen early retirement.  *Id*. ¶ 16.  The early retirement plan "included an enhancement equal to six times the credits added to his personal pension account between July 1, 1998 and June 30, 1999."  *Id*. ¶ 17.  Plaintiffs

2.

do not define what account or entity the phrase "personal pension account" refers to among the group of retirement plans described in the complaint.  The complaint does state that EDS clarified that the credits amounted to "six years of credit to [Cohen's] age so that he would be awarded a pension amount equivalent to age 63."  *Id*. ¶ 18.  After receiving the offer, Cohen requested further information from EDS about the early retirement plan and "what his monthly benefits would be" if he signed up.  *Id*. ¶ 19.  At some point after this inquiry, Prudential wrote him a letter stating what his benefits under GA-5521 and GA-6335 would be.  *Id*. ¶ 20, Exh. B.

At a date not specified in the complaint, Cohen opted for early retirement from EDS, and, for some time, he received retirement payments as promised from all defendants.  On May 7, 2007, however, Cohen received a letter from Prudential (dated March 16, 2005) stating that "an error occurred in the calculation of your monthly benefit amount" as to GA-5521.  *Id*. at Exh. C.  Prudential informed him that (1) his monthly payment of $1565.00 should have been only $1331.00; (2) his monthly payment would be reduced to the lower amount moving forward; and (3) he was responsible for paying back "an overpayment of $21,762.00" for the many months he had received the higher amount.  *Id*.  Prudential provided a return envelope for Cohen's prompt repayment of the alleged overage.  *Id*.

Though it is not described in the complaint, Cohen apparently wrote to Prudential about the planned benefit reduction.  *Id.* at Exh. D.  (June 1, 2007 letter from Prudential

3.

that opens "Thank you for your recent letter to our office...").  In a June 1, 2007 response,

Prudential informed Cohen that the EDS early retirement credit of six years, outlined

*supra*, did not apply to GA-5521:

> We have reviewed the information you provided with your May 8, 2007 letter.
> The copy of the letter you provided from EDS dated August 11, 1999 is in
> regard to the EDS Retirement Plan (Personal Pension Account) only.  It is not
> for benefits under the Meritor Pension Plan under Prudential Group Annuity
> Contract GA-5521.  EDS-employed participants continued to earn age and
> service credit toward *qualifying for early retirement under the Meritor Pension
> Plan*, while employed at EDS.
>
> There is no reference in Prudential's October 29, 1999 letter that Prudential
> complied and agreed to the EDS Retirement Plan (Personal Pension Account)
> 6-year addition and increase in benefits.

*Id*. at Exh. D (italics in original).  At the end of June 2007, Prudential reduced Cohen's

benefits pursuant to the June 1, 2007 letter.  *Id*. at 25.

Plaintiffs filed this lawsuit in November 2008 against Prudential, EDS, the Meritor

Pension Plan, and the EDS Retirement Plan.[1]  Plaintiffs present two grounds for relief.  In

---

[1]  Plaintiffs have not offered much in the way of information about the Meritor
Plan and the EDS Plan.  I take it from ¶ 11 of the complaint that GA-5521 and GA-6335,
the group annuities started by Meritor, both fall under the Meritor Pension Plan umbrella
("At all times material hereto, Cohen was a participant in the Meritor Plan, Group
Annuity Contract Nos. GA-5521 and GA-6335...").  The identifying factual recitals for
the Meritor Pension Plan and the EDS Retirement Plan in the complaint are, in their
entirety, as follows:

> 5.      Prudential is the plan administrator of Defendant, The Meritor Pension
>         Plan (hereinafter the "Meritor Plan").  Prudential, acting through its
>         managerial employees, was and is a fiduciary with respect to the
>         Meritor Plan ....
>
> 6.      EDS is the plan administrator of Defendant, The EDS Retirement Plan

Count I of the complaint, plaintiffs seek to recover past and future benefits pursuant to 29

U.S.C. § 1132(a)(1)(B), one of the enforcement provisions of ERISA.  In Count II,

plaintiffs appear to seek the same relief, but cite § 1132(a) (of which § 1132(a)(1)(B) is a

subpart) as the enabling provision.  As noted *supra*, Prudential has filed a motion to

dismiss Count II of the complaint, and EDS and the EDS Retirement Plan have filed a

separate motion to dismiss the complaint against them in its entirety.

## II.  The Motion of Prudential to Dismiss Count II

Prudential moves this court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count

II of the complaint as a matter of law because "when a claim for benefits is asserted under

§ 1132(a)(1)(B), plaintiffs cannot pursue the same claim based on breach of fiduciary

duty under § 1132(a)(3)."[2]  Prudential Memorandum in Support of Motion to Dismiss

(Pru. Mem.) at 2.

This issue has been examined, if not conclusively resolved, by the Supreme Court

in *Varity Corp. v. Howe*, 516 U.S. 489 (1996):

_____

(hereinafter the "EDS Plan").  EDS, acting through its managerial
employees, was and is a fiduciary with respect to the EDS plan....


[2]  Prudential interprets the plaintiffs' claim lodged under § 1132(a) as a claim
under the subpart (a)(3).  Pru. Mem. at 4.  Plaintiffs, in their response, do not contest this
intepretation, though they themselves continue to refer to Count II as a claim under §
1132(a).  Pl. Resp. to Pru. at 3-4.
EDS, as part of its motion to dismiss, argues the same grounds for dismissal
pursuant to Rule 12(b)(6).  *See* EDS Memorandum in Support of Motion to Dismiss (EDS
Mem.) at 9.

... what will happen, ask *amici*, if a beneficiary can repackage his or her
"denial of benefits" claim [under § (a)(1)(B)] as a claim for "breach of
fiduciary duty [under § (a)(3)]?"  Wouldn't a court, they ask, then have to
forgo deference and hold the administrator to the "rigid level of conduct"
expected of fiduciaries?  And, as a consequence, would there not then be "two
incompatible legal standards for courts hearing benefit claim disputes"
depending upon whether the beneficiary claimed simply "denial of benefits,"
or a virtually identical "breach of fiduciary duty?" See [Amicus Brief]....

The concerns that *amici* raise seem to us unlikely to materialize,
however .... [T]he statute authorizes "*appropriate*" equitable relief [under
(a)(3)].  We should expect that courts, in fashioning "appropriate" equitable
relief, will keep in mind the "special nature and purpose of employee benefit
plans," and will respect the "policy choices reflected in the inclusion of certain
remedies and the exclusion of others."  *Pilot Life Is. Co*., 481 U.S. at 54....
Thus, we should expect that where Congress elsewhere provided adequate
relief for a beneficiary's injury, there will be no need for further equitable
relief, in which case such relief normally would not be "appropriate."

*Id*. at 513-15.  Courts of appeals have not been uniform in their address of this issue

following *Varity Corp*.  *Compare Devlin v. Empire BlueCross and BlueShield*, 274 F.3d

76, 89-90 (2d Cir. 2001) ("We therefore hold that *Varity Corp.* did not eliminate a private

cause of action for breach of fiduciary duty when another potential remedy is available;

instead, the district court's remedy is limited to such equitable relief as is considered

appropriate.") *with Korotynska v. Metro. Life Ins. Co*, 474 F.3d 101, 106 (4th Cir. 2006)

(adopting the view of a "great majority of circuit courts [that] have interpreted *Varity* to

hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not

proceed with a claim under § 1132(a)(3)").[3]

---

[3]  The Third Circuit does not appear to have spoken directly on this issue, and
plaintiffs' reliance on a footnote in *Int'l Union v. Skinner Engine Co.*, 188 F.3d 130, 148
n.6 (3d Cir. 1999) ("... even if a court rejects a breach of contract claim, a party may

The First Circuit, in *LaRocca v. Borden, Inc.*, 276 F.3d 22 (1st Cir. 2002), offers

useful guidance that appears logically to bridge the gap between these two positions.  In

*LaRocca*, the First Circuit showed that a plaintiff can proceed under both (a)(1)(B) and

(a)(3) when the facts of the case suggest that the plaintiff cannot achieve an adequate

remedy under the former provision alone:

> Following [the guidance of *Varity*], federal courts have uniformly concluded
> that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1),
> there is an adequate remedy under the plan which bars a further remedy under
> Section a(3).
>          ... Here, the district court faced a situation similar to that presented in
> *Varity* and adopted a comparable remedy. In *Varity,* the Supreme Court
> affirmed a lower court's reinstatement of plaintiffs who had been improperly
> terminated from their Plan.  516 U.S. at 515, 116 S. Ct. 1065.  The Supreme
> Court observed that "[t]he plaintiffs in this case could not proceed under
> [Section a(1)] because they were no longer members of [their] plan and,
> therefore, had no benefits due [them] under the terms of [the] plan [pursuant
> to Section a(1)]," and that "[t]hey must rely on [Section a(3)] or they have no
> remedy at all." *Id.* (internal citations and quotation marks omitted). Here, once
> the district court mandated the plaintiffs' constructive reinstatement (and
> opportunity for actual reinstatement) to the Plan pursuant to Section a(3), the
> plaintiffs' claims were governed by the terms of the Plan, as Section a(1)
> provides.

*Id*. at 28-29 (alterations in original, except the first set of brackets).

Thus, it seems apparent, after *Varity*, that a district court addressing a challenge to

a plaintiff's pleading of claims under both §§ 1132(a)(1)(B) and (a)(3) can only permit

the § (a)(3) claim to progress if the plaintiff can demonstrate that § (a)(1)(B) alone may

---

nevertheless pursue a breach of fiduciary duty cause of action."), strikes me as unavailing.
The question at issue here was not before the Third Circuit in *Skinner.*

not provide an adequate remedy.  A plaintiff's demonstration, and a court's decision, will be based on the facts of the case as well as the stage of the pleadings.  *See Tannenbaum v. Unum Life Ins. Co.*, Civ. No. 03-1410, 2004 WL 1084658, *4 (E.D. Pa. Feb. 27, 2004) (denying a motion to dismiss plaintiff's (a)(3) claim and stating, based on the circumstances of the particular case, that "[a]t this stage, we cannot know whether Plaintiff will be able to prove his entitlement to benefits under § 1132(a)(1)(B)."); *Powell v. Greater Media Inc.*, Civ. No. 07-726, 2008 WL 5188789, * 4 (E.D. Pa. Dec. 10, 2008) (affirming court's grant of summary judgment dismissing plaintiff's § (a)(3) claim because the pleadings and record showed that plaintiff was merely pursuing the same relief under both provisions and § (a)(1)(B) could provide an adequate remedy).

Here, plaintiffs' pleading of their two claims is nearly identical, and the relief sought under each count is verbatim the same.[4]  Plaintiffs have not presented, either in their complaint or their response to Prudential's motion to dismiss, any reasons why § (a)(1)(B) would not, or might not, furnish them an adequate remedy, nor have they described what additional remedy they might seek under § (a)(3) that cannot be afforded by § (a)(1)(B).  Plaintiff's argument that they seek restitution in no way differs from their

---

[4]  The *ad damnum* language of Count I (demanding "(a) an award of compensatory damages for the deductions and benefits taken from the Cohens; (b) an order for EDS, Prudential Insurance and/or Prudential Investments to reinstate the pension benefit to the state it was in prior to the reduction by Defendants; (c) an award to the Cohens for costs, attorneys' fees and such other and further relief as this Court deems just and appropriate.") is the same as that in Count II.  *See* Compl. ¶¶ 36, 47.

quest for reinstatement of past and future benefits under § (a)(1)(B).

Accordingly, I will grant Prudential's motion and dismiss Count II of the complaint as to Prudential.

### III.  The Motion of EDS and EDS Retirement Plan to Dismiss the Entire Complaint

EDS and EDS Retirement Plan present two grounds, distinct from the issues raised by Prudential, to dismiss plaintiffs' complaint as to them.[5]  First, EDS and EDS Retirement contend that the plaintiffs have stated compensable claims only against Prudential and have failed even to offer any allegations of wrongful conduct by EDS or EDS retirement.  Second, EDS and EDS Retirement argue that the plaintiffs failed to exhaust available administrative remedies, as required under ERISA.

As the first argument advanced by EDS and EDS Retirement relies primarily on the core language of Fed. R. Civ. P. 12(b)(6), failure to state a claim in the complaint, rather than on a legal proposition established pursuant to ERISA, it may be helpful to quote the submissions at some length.  I will begin with the pertinent paragraphs from the complaint:

> 16.  On or about August 11, 1999, EDS offered Allan Cohen an Early Retirement Offer ("ERO")....
> 17.  The  Early  Retirement  Plan  offered  to  Cohen  included  an

---

[5]  In a different argument, EDS and EDS Retirement state that, pursuant to *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990), plaintiffs are not entitled to a trial by jury as their complaint demands.  EDS Mem. at 15.  In their response, the plaintiffs concede the point and withdraw their jury demand.  See Pl. Resp. to EDS (docket no. 16) at 8.  This will be noted in the order accompanying this memorandum.

enhancement equal to six times the credits added to his personal pension account between July 1, 1998 and June 30, 1999.

18.  Cohen contacted EDS and inquired about the ERO.  He was told that the ERO entitled him to add six credit years to his age so that he would be awarded a pension amount equivalent to age 63.

19.  Cohen requested additional information from EDS regarding the ERO and what his monthly benefits would be if he accepted the ERO.

20.  On October 29, 1999, Cohen received a letter from Prudential Investments stating that his monthly retirement check would be in the amount of $1,435.80 ($1,565.00 less $85.38 Federal Income Tax and $43.82 State Income Tax).  This letter referenced both Group Annuity Contract GA-5521 and GA-6335....

21.  On May 7, 2007, Cohen received a letter from Prudential Insurance (*dated March 16, 2005*) stating that Prudential made an error in calculating the benefits for Group Annuity Contract GA-5521....

22.  Prudential stated it would lower Mr. Cohen's payments....

23.  Prudential also requested that Mr. Cohen remit $21,762.00....

24.  On or about June 1, 2007, Prudential Insurance sent a letter to Mr. Cohen stating that the ERO Enhancement applied only to Group Annuity Contract GA-6335 and not to GA-5521, and that Prudential never complied or agreed to the ERO Enhancement plan....

25.  On or about June 30, 2007, Mr. Cohen's direct deposit for his pension plan was reduced....

...

27.  During the period of Cohen's employment and subsequent retirement, EDS, Prudential Insurance and/or Prudential Investments maintained the Pension Plan, an "employee benefit plan" under [ERISA].

28. EDS, Prudential Insurance and/or Prudential Investments are proper Defendants as they are fiduciaries of the Pension Plan [under ERISA]....

29.  EDS, Prudential Insurance and Prudential Investments, by their conduct described more fully above, have materially breached their fiduciary obligations to properly administer the Pension Plan and to accurately convey information regarding the Plan by materially misrepresenting and by intentionally providing incomplete, inconsistent and/or contradictory disclosures to Cohen regarding the scope, nature, and extent of Cohen's participation in and benefits under the Pension Plan.

30.  At all material times hereto, EDS, Prudential Insurance and/or Prudential Investments, intentionally, knowingly and willfully represented and actively manipulated Cohen's participation in the Pension Plan.

Next, I turn to the EDS/EDS Retirement memorandum in support of their motion:

> Plaintiffs' claims are only for a gross $1,565 monthly retirement benefit (instead of the reduced gross $1331 benefit that was made effective July 1, 2007 by a letter from Prudential) under Prudential Group Annuity Contracts provided under the Meritor Plan.  The *only* act about which Plaintiffs complain is the Prudential letter (Complaint at Exhibit C) received in May 2007 that reduced the monthly benefit (Complaint at ¶¶ 21-22) — a letter that does not reference the EDS Defendants. While Plaintiffs insert some allegations about a 1999 EDS early retirement offer (Complaint ¶¶ 16-19), Plaintiffs do not connect that offer or anything about the EDS Plan to the Meritor/Prudential annuity contracts that are at issue, nor can they.  The relief demanded in the Complaint — a restoration of the $1,565 Prudential annuity contract payment and an award of the difference between the Prudential $1,565 and $1,331 gross amounts since July 2007 — can only be provided by Prudential.  For their ERISA Section 502(a)(1)(B)/Count I claim to recover a benefit, Plaintiffs do not allege that any benefit is owed from the EDS Plan.  For their ERISA fiduciary duty breach/Count II claim, Plaintiffs do not allege any particular fiduciary duty breach by the EDS Defendants.  Consequently, Plaintiffs have not stated a claim against the EDS Defendants....

EDS' Mem. at 6.  Finally, I reproduce plaintiffs' response:

> Moving Defendants claim that the only act about which the Cohens complain is the Prudential letter that reduced Mr. Cohen's monthly benefit. [citation omitted]  However, the Cohens have pled that the EDS Defendants breached their fiduciary obligations to properly administer the pension plan and failed to accurately convey information regarding the plan by misrepresenting and intentionally providing incomplete, inconsistent and/or contradictory disclosures to the Cohens regarding the scope, nature and extent of the Cohen's participation in the plan.  *See* Complaint at ¶ 29.
>
> The Cohens pled that the EDS Defendants, through their agents and EDS' Early Retirement Offer ("ERO"), promised the Cohens certain benefits and/or enhanced benefits under the pension plan.  *See* Complaint at ¶¶ 19-9 [sic] and Exhibit "A" to the Complaint.  Prudential stated that it never agreed or complied with the EDS Retirement Plan credits and enhanced benefits, the specific credits and enhanced benefits that were offered by EDS.  *See* Exhibit "D" to the Complaint. If that is the case, what the Cohens pled in ¶ 29 of their Complaint can only be true and the EDS Defendants violated ERISA.

11.

Pl. Resp. to EDS at 5-6.[6]

Fed. R. Civ. P. 8(a)(2) establishes that a "pleading that states a claim for relief

must contain... a short and plain statement of the claim showing that the pleader is entitled

to relief...."  The Third Circuit recently elucidated the contours of this rule in the wake of

recent Supreme Court decisions:

> In *Bell Atlantic Corp. v. Twombly*, the Supreme Court confirmed that
> Fed. R. Civ. P. 8(a)(2) "'requires only a short and plain statement of the claim
> showing that the pleader is entitled to relief,' in order to 'give the defendant
> fair notice of what the . . . claim is and the grounds upon which it rests,'" and
> that this standard does not require "detailed factual allegations." 550 U.S. 544,
> 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47
> (1957)). However, "a plaintiff's [Rule 8] obligation to provide the 'grounds'
> of his 'entitle[ment] to relief' requires more than labels and conclusions, and
> a formulaic recitation of the elements of a cause of action will not do."
> [*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)] (quoting
> *Twombly*, 127 S.Ct. at 1964-65). In other words, Rule 8 "requires a 'showing,'
> rather than a blanket assertion, of entitlement to relief" that rises "above the
> speculative level." *Id.* at 231-32 (quoting *Twombly*, 127 S.Ct. at 1965 & n. 3).
> "Rule 8(a)(2) requires that the 'plain statement' possess enough heft to 'sho[w]
> that the pleader is entitled to relief.'" *Id.* at 231 (quoting *Twombly*, 127 S.Ct.
> at 1966).
>
> A complaint may not be dismissed merely because it appears unlikely
> that the plaintiff can prove those facts or will ultimately prevail on the merits.
> *Id.* (quoting *Twombly*, 127 S.Ct. at 1964-65). The Supreme Court's *Twombly*
> formulation of the pleading standard "'does not impose a probability
> requirement at the pleading stage,'" but instead "'simply calls for enough facts
> to raise a reasonable expectation that discovery will reveal evidence' of the
> necessary element." *Id.* at 234 (quoting *Twombly*, 127 S.Ct. at 1965).

*McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009).

---

[6] EDS and EDS Retirement have also submitted a reply brief, but, in contravention
of Local Rule 7.1(c), they did not request leave of court to submit this document.  I have
not considered it.

12.

Plaintiffs have not made a showing, speculative or otherwise, that they are entitled to relief from EDS and EDS Retirement.  The complaint, as to these defendants, appears to consist of "labels and conclusions" and "blanket assertions" rather than factual allegations that begin to show how EDS and EDS Retirement harmed the plaintiffs and violated ERISA.  The complaint recites that EDS offered Cohen an early retirement package, one that clearly implicated the retirement plan EDS managed.  The complaint recites that Prudential, a different defendant, described particular retirement payments to plaintiffs in 1999 regarding the plans that it managed; the complaint also recites that Prudential changed the payments for one of its plans in 2007.  What the complaint lacks are allegations of fact that might implicate EDS and EDS Retirement in the reduction in benefits effectuated by Prudential.

Plaintiffs' response to the EDS/EDS Retirement motion to dismiss does not remedy these deficiencies.  In fact, it demonstrates with greater clarity the factual gaps and the conclusory nature of the pleadings against these defendants.  The assertion that "the Cohens have pled that the EDS Defendants breached their fiduciary obligations to properly administer the pension plan and failed to accurately convey information regarding the plan by misrepresenting and intentionally providing incomplete, inconsistent and/or contradictory disclosures to the Cohens," Pl. Resp. to EDS at 5, seems little more than "a formulaic recitation of the elements of a cause of action," *McTernan*, 564 F.3d at 646 (quoting *Phillips*, 515 F.3d at 231, quoting *Twombly*, 127 S.Ct. at 1964-

13.

65), because the Cohens offer no factual allegations that tend to suggest that the cause of action could be proved.

Accordingly, I will grant EDS and EDS Retirement's motion to dismiss because plaintiffs' complaint falls short of the minimum standards required to present a proper claim against these defendants.

## IV.  Conclusion

For the reasons stated above, the complaint will be dismissed in its entirety as to EDS and EDS Retirement, and Count II of the complaint will be dismissed as to Prudential.  Plaintiffs' jury demand has been withdrawn, see note 5 *supra*, and thus will be stricken from the complaint.  An appropriate order accompanies this opinion.