IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN B. COHEN and<br>ROCHELLE COHEN,<br>             Plaintiffs,<br><br>v.<br><br>PRUDENTIAL INS. CO., et al.,<br>             Defendants. | Civil Action No. 08-5319 |

**MEMORANDUM**

March 25, 2010                                                                                     Pollak, J.

Plaintiffs Allan and Rochelle Cohen have brought suit, pursuant to the Employee Retirement and Income Security Act (ERISA), against defendants Prudential Insurance Co. (Prudential), Electronic Data Systems, Inc. (EDS), and two retirement plans – the Meritor Pension Plan and the EDS Retirement Plan – challenging certain alterations to Allan Cohen's retirement benefits. In an opinion dated August 12, 2009 (docket no. 23), I dismissed Count II of the complaint with respect to Prudential, and the entire complaint with respect to the EDS defendants. Plaintiffs then filed a motion for reconsideration and/or leave to amend (docket no. 29) to which both Prudential (docket no. 33) and EDS (docket no. 40) responded. Plaintiffs, rather than attaching a proposed amended

1.

complaint with the original motion, filed a proposed amended complaint as their reply brief (docket no. 39). Plaintiffs then filed a reply brief in what was labeled a "sur-reply" (docket no. 44). Due to plaintiffs' failure to attach a copy of the amended complaint to their original filing, Prudential did not have the opportunity to respond to the amended complaint. This court ordered Prudential to respond to the propriety of allowing leave to amend the complaint (docket no. 46), which it did so (docket no. 47) and plaintiffs replied (docket no. 50).

I.  **Background**

The following factual recital derives from the complaint and proposed amended complaint and notes the differences between the two. Plaintiff Allan Cohen worked for the Philadelphia Savings Fund Society, later renamed Meritor Bank, from 1961 through 1989. Am. Compl. ¶ 9-13. In the spring of 1989, Cohen became an employee of defendant EDS, when that company bought the Meritor division for which Cohen worked. *Id*. at ¶ 13.

While with Meritor, Cohen became a participant in the Meritor Plan, naming his wife, plaintiff Rochelle Cohen, as beneficiary. *Id*. at ¶ 11. The Amended Complaint deletes reference to the two group annuity plans, GA-5521 and GA-6335. *Id.* at ¶ 11. Prudential was alleged the plan administrator for the two group annuity plans in the complaint but the amended complaint alleges it to be a fiduciary to the plan. Compl. at ¶ 12; Am. Compl. at ¶ 12. When Cohen became an EDS employee, he became a participant

in the EDS Retirement Plan, which was administered by EDS itself. Am. Compl. at ¶ 14-15.

The amended complaint adds an allegation that Tom Taylor, a corporate representative of EDS, told Cohen all his benefits would transfer over to EDS. Am. Compl. ¶ 14-14.1. The amended complaint further alleges that Cohen never knew that Prudential Annuities were issued to fund his Meritor Pension Plan, or that the Meritor Pension Plan was separate from the EDS Retirement Plan, but instead relied on a representation by Taylor that his benefits were transitioned to EDS. *Id*. at ¶ 15.1-15.3. Cohen contacted Prudential to ask for a benefit quote assuming early retirement and was not informed that the Meritor Pension Plan was separate from the EDS Retirement Plan. *Id*. at ¶ 15.4-15.7.

In a letter dated August 11, 1999, EDS offered Cohen early retirement. *Id*. at ¶ 16. The early retirement plan "included an enhancement equal to six times the credits added to his personal pension account between July 1, 1998 and June 30, 1999." *Id*. at ¶ 17. The offer did not mention that the Meritor Pension Plan was a separate plan from the EDS Retirement Plan. *Id*. at ¶ 17.1-2. The amended complaint states that EDS clarified that the credits amounted to "six years of credit to [Cohen's] age so that he would be awarded a pension amount equivalent to age 63." *Id*. at ¶ 18.

After receiving the offer, Cohen requested further information from EDS about the early retirement plan and "what his monthly benefits would be" if he signed up. *Id*. at ¶

19. At some point after this inquiry, Prudential wrote him a letter stating what his benefits under GA-5521 and GA-6335 would be. Compl. at ¶ 20, Exh. B. The amended complaint further alleges that Cohen believed that the early retirement offer applied to all of his pensions/annuities, he was not told otherwise, and that he believed the letter from Prudential was triggered by his acceptance of the early retirement offer. Am. Compl. at ¶ 19.1-19.5. He did not think Prudential's calculation was final because he had until September 30, 1999 to finish all the paperwork required for the enhancement and the letter stated it was subject to "final calculations." *Id.* at ¶ 19.7-19.8. Cohen alleges that Prudential knew or should have known about the early retirement offer and neglected to inform Cohen that the enhancement would not be applied to the Prudential annuity and/or pension. *Id.* at ¶ 20.1-20.3.

At a date specified only as before the deadline of September 30, 1999 for Cohen to elect early retirement, Cohen opted for early retirement from EDS, and, for some time, he received retirement payments as promised from all defendants. Am. Compl. at ¶ 19.8. On May 7, 2007, however, Cohen received a letter from Prudential (dated March 16, 2005) stating that "an error occurred in the calculation of your monthly benefit amount" as to GA-5521. Compl. at Exh. C. Prudential informed him that (1) his monthly payment of $1565.00 should have been only $1331.00; (2) his monthly payment would be reduced to the lower amount moving forward; and (3) he was responsible for paying back "an overpayment of $21,762.00" for the many months he had received the higher amount. *Id*.

4.

Prudential provided a return envelope for Cohen's prompt repayment of the alleged overage. *Id*.

Although it is not described in the amended complaint, Cohen apparently wrote to Prudential about the planned benefit reduction. *Id*. at Exh. D. (June 1, 2007 letter from Prudential that opens "Thank you for your recent letter to our office . . . ."). In a June 1, 2007 response, Prudential informed Cohen that the EDS early retirement credit of six years, outlined *supra*, did not apply to GA-5521:

> We have reviewed the information you provided with your May 8, 2007 letter. The copy of the letter you provided from EDS dated August 11, 1999 is in regard to the EDS Retirement Plan (Personal Pension Account) only. It is not for benefits under the Meritor Pension Plan under Prudential Group Annuity Contract GA-5521. EDS-employed participants continued to earn age and service credit toward *qualifying for early retirement under the Meritor Pension Plan*, while employed at EDS.
>
> There is no reference in Prudential's October 29, 1999 letter that Prudential complied and agreed to the EDS Retirement Plan (Personal Pension Account) 6-year addition and increase in benefits.

*Id*. at Exh. D (italics in original). At the end of June 2007, Prudential reduced Cohen's benefits pursuant to the June 1, 2007 letter. Am. Compl. at ¶ 25.

Plaintiffs filed this lawsuit in November 2008 against Prudential, EDS, the Meritor Pension Plan, and the EDS Retirement Plan. In Count I of the amended complaint, plaintiffs seek to recover past and future benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), one of the enforcement provisions of ERISA. In Count II, plaintiffs appear to seek the same relief. In the original complaint, plaintiffs cite § 1132(a) (of which § 1132(a)(1)(B)

is a subpart) as the enabling provision. Their amended complaint specifically pleads 29 U.S.C. § 1132(a)(3)(B) as providing them relief. Both defendants oppose the motion for reconsideration and oppose granting leave to amend the complaint.

## II. The Motion for Reconsideration

Plaintiffs ask this court to reconsider its August 12, 2009 opinion because the "specific facts that set forth just about all of the details of this case were not presented to this Court." "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court has inherent power to reconsider interlocutory orders "when it is consonant with justice to do so," but such motions for reconsideration should be granted "sparingly" given the interest in finality. *Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000). To succeed on a motion for reconsideration, "the moving party must point to a manifest error of law or fact, present newly available evidence, or cite to an intervening change in the controlling law." *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999).

The plaintiffs base their motion for reconsideration on facts included in the amended complaint and affidavit of Cohen. However, they do not argue that the facts were newly discovered and indeed all the new material alleged stems from the transaction discussed in the complaint and a conversation Cohen is alleged to have had with Taylor over two decades ago. This is not newly discovered evidence and therefore cannot be a

proper basis for a motion for reconsideration. *See Harsco*, 779 F.2d at 909 ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."). I will deny the plaintiffs' motion for reconsideration.

## III. Motion for Leave to Amend

In the alternative plaintiffs seek leave to amend the complaint. However, such amendment has been complicated by the failure to provide a copy of the proposed amended complaint with the original motion.

Leave should be freely given only in the absence of any apparent or declared reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1982). The Third Circuit has further stated that leave should be given to amend following a Rule 12 dismissal unless amendment would be inequitable, futile, or beyond the time set by the court. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).[1]

The court may deny a motion to amend based on the failure to provide a draft

---

[1] The EDS defendants argue that plaintiffs cannot amend the complaint, and can only seek relief under Rule 59 or Rule 60 because my prior order dismissed all counts against them. This would be true if the prior order were a final judgment and if it were not for failure to state a claim. As the prior order did not dispose of all the claims of all the parties, it constitutes an interlocutory order that does not come under the scope of Rules 59 and 60. In addition, leave to amend can be granted following a Rule 12 dismissal. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

amended complaint alone. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). I decline to deny leave based on this ground, as the plaintiff did provide an amended complaint, albeit somewhat later than advised to under Third Circuit case law, as it was not attached to the motion for leave to amend. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir.2000).

The defendants claim that the amendments are unduly late and in bad faith. Delay alone is generally not a sufficient ground to deny leave to amend. *Cureton*, 252 F.3d at 273 (citing *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir.1978)). Instead, the delay must be undue or prejudicial, which can occur because the movant had prior opportunities to amend or allowing an amendment would result in significant additional discovery, cost, and preparation to defend against new facts or new theories. *Cureton*, 252 F.3d at 273.

Although plaintiffs' counsel has been less than diligent, I do not find that there was undue delay or prejudice. As the claims against the EDS defendants were dismissed in the motion to dismiss and discovery was not conducted with respect to them, amendment of the claims against them does not prejudice them.[2]

The Prudential defendants have a stronger claim for prejudice as discovery was conducted on the original complaint and Prudential prepared a motion for summary judgment based on allegations in the original complaint. The Prudential defendants

---

[2] The EDS defendants also argue that the amendment would be futile as the Cohens failed to administrative exhaust their claim. Because it would be necessary to examine facts outside the pleading to examine whether the claim was exhausted, this argument cannot be addressed until the summary judgment stage at the earliest.

correctly point out that prejudice exists in having to defend against an amended complaint that seeks to change the factual basis of a claim to avoid summary judgment. However, such prejudice is generally found only after the court has ruled on a summary judgment motion. *See Cureton*, 252 F.3d at 275 ("In light of the fact that plaintiffs participated in comprehensive proceedings which resulted in summary judgment for the [defendant], the concerns of finality in litigation become more compelling [because] the litigant has had the benefit of a day in court . . . .") (internal quotations omitted)). Amendment is routinely allowed after motions for summary judgment have been briefed but before the court has issued a decision on the motion for summary judgment. *See Adams v. Gould*, 739 F.2d 858, 869 (3d Cir. 1984) ("Since amendment of a complaint is not unusual at the summary judgment stage of the case, . . . we would not characterize plaintiffs' failure to amend their complaint earlier as 'undue delay.'").

While plaintiffs should have included a proposed amended complaint with their motion to amend, the motion for reconsideration/motion to amend was filed only fourteen days after my order dismissing some of the plaintiffs' claims. This filing should have made Prudential aware of the possibility of the complaint being amended. Additionally, allowing amendment is encouraged, if not mandated, under Third Circuit precedent following the grant of a Rule 12(b)(6) motion. *See Phillips*, 515 F.3d at 245. A fourteen-day delay between my order and the motion for leave to amend does not compare to the lengthy delays in cases cited by Prudential. *See Cornell & Co., Inc. v. Occupational*

*Safety & Health Review Comm'n*, 573 F.2d 820, 824-25 (3d Cir. 1978) (finding four-month delay from intervening event was undue and prejudicial when it prevented the location of important witnesses); *McKenna v. City of Philadelphia*, 511 F. Supp. 2d 518, 528 (E.D. Pa. 2007) (finding nine-year delay prejudicial); *Eisenmann v. Gould-Nat'l Batteries, Inc.*, 169 F. Supp. 862, 864 (E.D. Pa. 1958) (finding two-year delay undue and prejudicial). Although partially reopening discovery may inconvenience Prudential, Prudential was aware during discovery of the potential for this amendment. The original motion for reconsideration/motion to amend did not contain the proposed amended complaint but did contain an affidavit alleging the facts that formed the basis of the amendment. Had it wished, Prudential could have sought discovery based on these new allegations.

I also do not find the motion to amend to be brought in bad faith. Plaintiffs sought to remedy the defects in the original complaint that were identified in my order dismissing part of his claims. While a summary judgment motion was promptly filed after my order, the amendments were in response to my order, rather than to change the basis of the claim in response to the motion for summary judgment. Thus, I find that any delay by plaintiffs in moving to amend and providing a proposed amended complaint was not undue, prejudicial, or in bad faith, and therefore leave to amend will be granted.

However, while leave is granted to amend the complaint, not all of the proposed amendments are to be allowed. The amendments to Count II are dismissed as futile. My

original opinion dismissed Count II because, following *Varity Corp. v. Howe*, 516 U.S. 489 (1996), "a district court addressing a challenge to a plaintiff's pleading of claims under both §§ 1132 (a)(1)(B) and (a)(3) can only permit the § (a)(3) claim to progress if the plaintiff can demonstrate that § (a)(1)(B) alone may not provide an adequate remedy." Op. at 7-8 (docket no. 23). The plaintiffs have failed to allege in their proposed amended complaint, or explain in their prior and subsequent briefs, that relief under § (a)(1)(B) alone would not provide an adequate remedy. Therefore, Count II of the proposed amended complaint shall be dismissed.

## IV. Conclusion

For the reasons stated above, I conclude that the plaintiffs' motion for reconsideration should be denied. The plaintiffs' motion for leave to amend is granted with respect to the amendment of the factual allegations and Count I as to all defendants. However, leave to amend Count II is denied as futile and Count II is dismissed as to all defendants. An appropriate order follows.