IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN B. COHEN and<br>ROCHELLE COHEN,<br>               Plaintiffs,<br><br>     v.<br><br>PRUDENTIAL INS. CO., et al.,<br>               Defendants. | Civil Action No. 08-5319 |

**MEMORANDUM**

June 14, 2010                                                                                                    Pollak, J.

      Plaintiffs Allan and Rochelle Cohen have brought suit, pursuant to the Employee Retirement and Income Security Act (ERISA), against defendants Prudential Insurance Co. (Prudential), Electronic Data Systems, Inc. (EDS), and two retirement plans – the Meritor Pension Plan and the EDS Retirement Plan – challenging certain alterations to Allan Cohen's retirement benefits. Defendant Prudential has moved for sanctions against counsel for the plaintiffs, John Bobber, and his firm, Mintzer, Sarowitz, Zeris, Ledva & Meyers (docket no. 26). Counsel for the plaintiffs has responded (docket no. 31). The motion is now ripe for disposition.

**I.    Background**

Plaintiff Allan Cohen worked for the Philadelphia Savings Fund Society, later renamed Meritor Bank, from 1961 through 1989. Compl. ¶ 9-13.[1] In the spring of 1989, Cohen became an employee of defendant EDS, when that company bought the Meritor division for which Cohen worked. *Id*. at ¶ 13. While with Meritor, Cohen became a participant in the Meritor Pension Plan, naming his wife, plaintiff Rochelle Cohen, as beneficiary. *Id*. at ¶ 11. Prudential was alleged in the complaint to be the plan administrator for the two group annuity plans in the complaint but the amended complaint alleges it to be a fiduciary to the plan. Compl. at ¶ 12; Am. Compl. at ¶ 12. The Meritor Pension Plan was funded by two Prudential Group Annuities (Nos. GA-5521 and GA 6335). Def.'s Exh. 1 & 2. Once Cohen became an employee of EDS, he also participated in the EDS Retirement Plan. Compl. at ¶ 13-15.

In a letter dated August 11, 1999, EDS offered Cohen early retirement. Compl. at ¶ 16. The early retirement plan "included an enhancement equal to six times the credits added to his personal pension account between July 1, 1998 and June 30, 1999." *Id*. at ¶ 17. The complaint states that EDS clarified that the credits amounted to "six years of credit to [Cohen's] age so that he would be awarded a pension amount equivalent to age 63." *Id.* at ¶ 18.

---

[1] Plaintiffs were granted leave to file an amended complaint. As this present motion relates to the filing of the original compliant, I state the facts as alleged in the original complaint and note any relevant discrepancies between the allegations in the original and amended complaint.

The motion for sanctions derives from the original complaint's allegations regarding Cohen's early retirement and communications with Prudential. The original complaint alleged that on October 29, 1999, Cohen received a letter from Prudential Investments stating "that his monthly retirement benefits would be in the amount of $1,435.80 ($1,565.00 less $85.38 Federal Income Tax and $43.82 State Income Tax)." Compl. at ¶ 20. The complaint alleged that "Plaintiffs have relied on the amount of his pension payments as a direct result of EDS['s], Prudential Insurance['s] and/or Prudential Investments['] conduct." *Id.* at ¶ 33. It states that "[t]his reliance caused Cohen to accept early retirement, to alter his financial planning, and to alter his lifestyle in accordance with the representations made by Defendants." *Id*. at ¶ 34.

Documents provided by Prudential in its motion for sanctions show that on August 23, 1999, Cohen accepted the early retirement offer. Defs'. Exh. 9-10. In a letter dated September 10, 1999, Prudential correctly calculated the amount of benefits Cohen would receive if he retired early. Defs'. Exh. 6. On September 15, 1999, Cohen then elected an early annuity commencement. Def. Exh. 12.

On May 7, 2007, however, Cohen received a letter from Prudential (dated March 16, 2005) stating that "an error occurred in the calculation of your monthly benefit amount" as to GA-5521. Compl. at Exh. C. Prudential informed him that (1) his monthly payment of $1565.00 should have been only $1331.00; (2) his monthly payment would be reduced to the lower amount moving forward; and (3) he was responsible for paying back

"an overpayment of $21,762.00" for the many months he had received the higher amount. *Id*. Prudential provided a return envelope for Cohen's prompt repayment of the alleged overage. *Id*. According to Prudential, the enhancement of the early retirement offer only applied to the EDS Retirement Plan and not Meritor Pension Plan funded by the Prudential Group Annuities. Compl. at ¶ 24.

Plaintiffs filed this lawsuit in November 2008 against Prudential, EDS, the Meritor Pension Plan, and the EDS Retirement Plan. Prudential sought dismissal of Count II of the complaint alleging breach of fiduciary duties (docket no. 7). In an opinion and order dated August 12, 2009 (docket nos. 23 & 24), I dismissed Count II of the complaint because under ERISA a claim for breach of fiduciary duties cannot be maintained in addition to a claim for benefits (Count I) that seeks the same relief. *See LaRocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002).

Prudential seeks sanctions because in its view there was no factual or legal basis to allege that the plaintiffs relied on statements of Prudential incorrectly calculating Cohen's benefits. Particularly, Prudential argues that it was not possible for Cohen to rely on the letter of October 29, 1999, when he elected for an early annuity commencement date on September 15, 1999.

## II. Motion for Sanctions

Sanctions for impropers filings are governed by Federal Rule of Civil Procedure 11. Rule 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 "imposes a duty on counsel to make an inquiry into both the facts and the law which is 'reasonable under the circumstances.'" *Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996). When examining the sufficiency of an attorney's investigation of facts and law, courts are "expected to avoid the wisdom of hindsight and . . . test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *CTC Imports and Exps. v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991). "According to the Third Circuit, what constitutes a reasonable inquiry may depend on such factors as: (1) the amount of time available to the signer for conducting a factual and legal investigation; (2) the necessity of relying on a client for the underlying

factual information; (3) the plausibility of the legal position advocated; (4) the complexity of the legal and factual issues implicated; (5) whether the signer depended on forwarding counsel or another member of the bar; and (6) whether the signer was in a position to know or acquire the relevant factual details." *Hanoverian, Inc. v. Pa Dept. of Environmental Protection*, No. 07-cv-658, 2008 WL 906545, at *10 (M.D. Pa. Mar. 31, 2008) (citing *CTC Imports*, 951 F.2d at 578).

Prudential argues that the plaintiffs' claims lack any factual or legal basis. Plaintiffs' counsel responds that Prudential is misconstruing the allegations in the complaint. He further responds that if the entire complaint was frivolous, then Prudential should have sought dismissal of both counts of the complaint and not just Count II of the complaint.

In regard to the complaint, I find that counsel for plaintiffs, John Bobber, and his firm, Mintzer, Sarowitz, Zeris, Ledva & Myers, should not be sanctioned. The complaint does not allege that Cohen relied upon the October 29, 1999, letter. The complaint states that "Plaintiffs have relied on the amount of his pension payments as a direct result of EDS['s], Prudential Insurance['s] and/or Prudential Investments['] conduct." Compl. at ¶ 33. It states that "[t]his reliance caused Cohen to accept early retirement, to alter his financial planning, and to alter his lifestyle in accordance with the representations made by Defendants." *Id*. at ¶ 34. The failure to plead the particular conduct of Prudential's that plaintiffs relied upon does not make the filing of the complaint sanctionable.

The factors determining what constitutes a reasonable inquiry do not weigh in favor of sanctions. It is the case that plaintiffs' counsel and his firm had at least sixteen months, and very likely longer, to develop the factual and legal basis of the complaint, since the complaint was filed on November 10, 2008 and Bobber represented the Cohens as early as June 29, 2007. *See* Prudential's Ex. 15 (Letter of June 29, 2007 from Bobber to Prudential). If Prudential had shown that the complaint lacked a factual and legal basis, the extended period of time would weigh in favor of sanctions.

However, the remaining factors are neutral or weigh in favor of denying the motion for sanctions. The second factor–the necessity of relying on a client for the underlying factual information–weighs against sanctions. Prudential argues that plaintiffs' counsel should not have relied upon Allan Cohen as Prudential provided all the relevant documents to the Prudential Annuities.

However, plaintiff Allan Cohen has stated that there were communications with plaintiff beyond the letters. Cohen Affidavit at ¶ 8. In addition, he claims that the letters failed to inform him that the Prudential Annuities were separate from his EDS Pension. *Id.* at ¶ 9. He also understood his correspondence to mean the amounts were subject to final calculations, which Prudential stated in its letters as early as December 10, 1998, before the date that Prudential asserts Cohen accepted early retirement. *Id.* at 14, Prudentials' Ex. 4.

The fact that the letters provided by Prudential from the period before Cohen

accepted the ERO were correct did not mean that plaintiffs' counsel did not need to rely on his client. According to the sworn affidavit of Allan Cohen, there were telephone conversations on which plaintiffs' counsel would have had to rely on Cohen's account. Additionally, the complaint does not deny that Prudential provided some accurate information; it claims the defendants breached their obligations by "materially misrepresenting and by intentionally providing incomplete, inconsistent and/or contradictory disclosures." Compl. ¶ 29. The letters between Cohen and Prudential do not preclude plaintiffs' counsel having to rely on Cohen's account of potentially contradictory telephone conversations.

The third factor–the plausibility of the legal position advocated–also weighs against awarding sanctions. Prudential's primary argument is that the documents show that it accurately informed Cohen of his benefits before he elected for early retirement, and thus undercut the factual basis of the complaint. However, as discussed above, the complaint's allegations of contradictory statements could be shown by non-documentary evidence. The mere fact that this evidence may not be sufficient to survive summary judgment or succeed at trial does not mean the filing of the complaint is deserving of sanctions. *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.1988).

In addition, the complaint did not lack a reasonable legal basis, notwithstanding that Count II of the complaint was dismissed for failure to state a claim. "Congress relied

8.

upon the common law of trusts to 'define the general scope of [trustees' and other fiduciaries'] authority and responsibility.'" *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, (3d Cir. 1993) (quoting *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 570 (1985)) (alteration in original). The Third Circuit has stated that "once an ERISA beneficiary has requested information from an ERISA fiduciary who is aware of the beneficiary's status and situation, the fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance . . . even if that information comprises elements about which the beneficiary has not specifically inquired." *Bixler*, 12 F.3d at 1300 (citing *Eddy v. Colonial Life Ins. Co.*, 919 F.2d 747 (D.C. Cir. 1990)). Plaintiffs' complaint is consistent with this statement of law. Cohen's reliance could have been based on communications other than the October 29 letter. Under *Bixler*, he could arguably have even relied upon Prudential to correct his misunderstanding about the Prudential Annuities, if Prudential had reason to know of such a misunderstanding.

The fourth factor–the complexity of the legal and factual issues involved–weighes against sanctioning Bobber. ERISA litigation is notoriously complex. *See, e.g.*, *Carmona v. Carmona*, 544 F.3d 988, 992 (9th Cir. 2008) ("This case requires us to once again navigate the complex statutory scheme set out in the Employee Retirement Income Security Act of 1974 . . .."). The factual issues are also quite complex as they involve multiple exchanges, both verbal and written, between Cohen and Prudential. In addition,

facts and representations regarding the relationship of the Prudential Annuities to the EDS Retirement Plan could date back to the sale of the Meritor division to EDS in 1989.

The remaining factors are neutral. Bobber did not appear to need to rely on another member of the bar, as he had sufficient time to investigate the claim himself. The last factor–whether the signer was in a position to know or acquire the relevant factual details–is also neutral. Bobber was able to acquire some factual details from documents provided by Prudential. However, the plaintiffs' claims also rely on verbal communications and a duty to disclose additional facts. This required relying on Cohen's statements as reflected in the affidavit provided.

Thus, I find that the complaint was not unreasonably lacking investigation into its factual or legal basis, nor was it brought for an improper purpose. Thus, the request for Rule 11 sanctions for the filing of the complaint is denied.

### III. Conclusion

For the reasons state above, Prudential's motion for sanctions is denied. An appropriate order accompanies this memorandum.